PARIENTE, J.,
specially concurring.
I concur in the majority’s opinion; however, I would not address Miller’s generalized attack on the constitutionality of Florida’s capital sentencing scheme. Rather, I would reject his arguments by simply stating, as the majority also notes, that in this case the aggravating circumstances include a prior violent felony. See e.g., Frances v. State, 970 So.2d 806, 822 (Fla.2007) (“Ring did not alter the express exemption in Apprendi v. New Jersey, 530 U.S. 466[, 120 S.Ct. 2348, 147 L.Ed.2d 435] (2000), that prior convictions are exempt from the Sixth Amendment requirements announced in the cases.”).
As to the arguments regarding the indictment, I agree with the majority that there is no constitutional deficiency in failing to list aggravating circumstances in the indictment. However, I would emphasize *231 that we have also approved a trial court requiring the State to provide advance notice of the aggravating circumstances on which it intends to rely. See State v. Steele, 921 So.2d 538, 543 (Fla.2005) (“Although it is clear that no statute, rule of procedure, or decision of this Court or the United States Supreme Court compels a trial court to require advance notice of aggravating factors, it is equally clear that none prohibits it, either.”). Further, in this case, as the majority points out, the State did provide Miller with notice of the aggravating circumstances it sought to prove.
Any other statements about the constitutionality of the statute are only dicta in this case because of the presence of the prior violent felony aggravator. I have previously explained why I am of the view that Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), requires that aggravating circumstances, other than the fact of a prior conviction, be found by a unanimous jury beyond a reasonable doubt.[7] However, we need not engage in that debate in this case because of the presence of the prior violent felony aggravator.
Also, I write to clarify the majority’s quotation of a portion of our 1973 opinion in State v. Dixon, 283 So.2d 1 (1973), in which we stated that “[wjhen one or more of the aggravating circumstances is found, death is presumed to be the proper sentence unless it or they are overridden by ... mitigating circumstances.” Id. at 9, quoted in majority op. at 219. This Court has more recently stated that a defendant need not prove any mitigating circumstances to obtain a life sentence and that a jury is not compelled to recommend death when the aggravating factors outweigh the mitigating factors.[8] In recognition of these statements of law, our recently adopted jury instructions explicitly state exactly this proposition.[9]
Lastly, in response to Justice Canady’s opinion concurring in the result, I emphasize that the proportionality review in this case does not depend on the gender of the victim. Rather, as is clear from the opinion, the significant aggravation included the victim’s status as a seventy-two- *232 year-old Alzheimer’s patient, rendering this crime subject to the aggravator that the victim was “particularly vulnerable due to advanced age or disability.” In addition, as the majority points out, there were four other aggravators, including the fact that Miller was on parole, he had previously been convicted of a felony involving violence, this felony occurred while committing a robbery, and the nature of the attack on this vulnerable victim was especially heinous, atrocious, and cruel. Coupled with comparatively minimal mitigation, there is no question that the imposition of the death penalty in this case is a proportionate punishment.
For all these reasons, I concur in the affirmance of the conviction and sentence of death.
PERRY, J., concurs.

.See Butler v. State, 842 So.2d 817, 838 (Fla.2003) (Pariente, J., concurring in part and dissenting in part) ("Florida's exclusion of the death penalty from the requirement of jury unanimity cannot be reconciled with the United States Supreme Court’s recognition in Ring that ‘[t]he right to trial by jmy guaranteed by the Sixth Amendment woidd be senselessly diminished if it encompassed the factfinding necessary to increase a defendant's sentence by two years, but not the factfinding necessary to put him to death,’ and its holding that 'the Sixth Amendment applies to both.’ " (quoting Ring, 536 U.S. at 609, 122 S.Ct. 2428)); Bottoson v. Moore, 833 So.2d 693, 719-23, 725 (Fla.2002) (Pariente, J., concurring in result only) ("[T]he maximum penalty of death can be imposed only with the additional factual finding that aggravating factors outweigh mitigating factors.... Florida juries in capital cases do not do what Ring mandates — that is, make specific findings of fact regarding the aggravators necessary for imposition of the death penalty.... Florida juries advise the judge on the sentence and the judge finds the specific aggravators that support the sentence imposed.”).

. See Steele, 921 So.2d at 543 ("[T]o obtain a life sentence the defendant need not prove any mitigating circumstances at all.”); Cox v. State, 819 So.2d 705, 717 (Fla.2002) ("[Wje have declared many times that ‘a jury is neither compelled nor required to recommend death where aggravating factors outweigh mitigating factors.’ ” (quoting Henyard v. State, 689 So.2d 239, 249-50 (Fla.1996))).

. See Fla. Std. Jury Instr. (Crim.) 7.11 (Penalty Proceedings — Capital Cases); see also In re Standard Jury Instructions in Criminal Cases — Report No. 2005-2, 22 So.3d 17, 22 (Fla.2009) (adopting the "amendment stating that the jury is ‘neither compelled nor required to recommend death' ”).